**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MOFIZUL ISLAM RONY,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | )    **Case No. CIV-26-1510-D** |
| | ) |
| **MARKWAYNE MULLIN, et al.,** | ) |
| | ) |
| **Respondents.** | ) |

## REPORT AND RECOMMENDATION

Petitioner Mofizul Islam Rony, a noncitizen[1] and Bangladeshi national proceeding with counsel, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 7. The undersigned set an expedited briefing schedule, Doc. 9, and the Petition is at issue. For the reasons set forth below, the undersigned recommends that the Court grant the Petition, Doc. 1, in part and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

## I.      Background

Petitioner, a citizen of Bangladesh, entered the United States at or near San Ysidro, California, on February 6, 2024.  Pet. at 9; Doc. 1-1 at 2 (Notice to Appear).  On February 8, 2024, ICE placed Petitioner into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection.  Pet. at 9; Doc. 1-1 at 2.  Also on February 8, 2024, Petitioner was released from detention on an Order of Release on Recognizance.  Pet. at 9.  On May 16, 2024, Petitioner filed an Application for Asylum and for Withholding of Removal.  *Id.*; Doc. 1-2 at 2-13 (Asylum Application).  Petitioner alleges he has complied with all terms of his release.  Pet. at 2.

On May 19, 2026, ICE re-arrested Petitioner pursuant to a warrant after he was arrested for public intoxication.  *Id*. at 10; Resp. at 2 n.2; Doc. 11-2 at 2 (ICE Encounter Summary).  Petitioner alleges he was not given notice or a reason for his re-detention and he was not provided with an interview.  Pet. at 3.  Respondents contend Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  Resp. at 1.  Petitioner did not allege he requested a bond hearing.  Such a request, though, would likely be futile because all immigration judges ("IJs") are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

2

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 7.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 31, 2026).

## II.    <u>Petitioner's Claims</u>

Petitioner asserts four counts in his Petition.

- **Count I: Violation of Due Process**.  Petitioner alleges his warrantless arrest and re-detention without notice or an interview after his prior release on recognizance violate his right to due process based on *Mathews v. Eldridge* and 8 C.F.R. § 241.4.  Pet. at 17-32.

- **Count II: Violation of the Immigration and Nationality Act ("INA").**  Petitioner alleges his warrantless arrest and re-detention under 8 U.S.C. § 1225(b)(2) with no changed circumstances from his prior release are unlawful and violate the INA because that provision does not apply to noncitizens, like him, previously released under § 1226(a).  Pet. at 32-35.  He further alleges he is properly detained under § 1226(a).  Pet. at 34.

- **Count III: Violation of the Administrative Procedures Act ("APA").**  Petitioner alleges his arrest without probable cause and detention under § 1225(b)(2) are arbitrary, capricious, and in violation of ICE's own regulations.  Pet. at 35-41.

- **Count IV: Violation of the Fourth Amendment**.  Petitioner alleges his arrest and detention without a warrant, probable cause, or notice of the revocation of his release violate the Fourth Amendment.  *Id*. at 41-45.

He asks the Court to "issue a writ of habeas corpus ordering Respondents to immediately release Petitioner from custody."  Pet. at 46 (citation modified).  Petitioner also requests an award of attorney fees and costs under the Equal Access to Justice Act ("EAJA").[2]  *Id.*

---

[2] To the extent Petitioner may be entitled to EAJA fees and costs as a prevailing party, he must seek those separately after a final judgment.  28 U.S.C. § 2412(d)(1)(B).  Thus, the Court need not address this request at this juncture.

## III.    Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.    Analysis[3]

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States."  *Id.* § 1225(a)(1) (citation modified).  Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained."  If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing.  On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)

---

[3] Petitioner claims he was not required to exhaust administrative remedies before filing the Petition.  Pet. at 8-9.  Respondents do not dispute his assertion.  The undersigned agrees that Petitioner was not required to exhaust before filing the Petition.  *See Soberanes*, 388 F.3d at 1310 (holding exhaustion requirements do not apply to challenges to immigration detention brought in habeas proceedings).

("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges his detention under § 1225(b)(2)(A) is unlawful and he is more properly detained under § 1226(a).  Pet. at 32-35.  Respondents maintain Petitioner is detained under § 1225(b)(2)(A).  Resp. at 1.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner.  *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1235-49 (10th Cir. 2026).  In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country."  *Id.* at 1239 (citation modified).  Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Id.* at 1237.  Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.  *See Zhong v. Gantt*, No. CIV-26-1324-D, 2026 WL 2113998, at *2 (W.D. Okla. July 22, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[4]

---

[4] This conclusion is also in accord with persuasive authority in the Second, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2).  *See Rodriguez Vazquez v. Bostock*, No. 25-6842, --- F.4th ----, 2026

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)); *see also Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (concluding "a pending asylum application does not render § 1225(b)(2)(A) applicable to Petitioner").

### A.    The proper remedy is a bond hearing.

Petitioner seeks an order that Respondents "immediately release [him] from custody." Pet. at 46.    However, the undersigned concludes a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Zhong*, 2026 WL 2113998, at *2 (concluding because § 1226(a) governs petitioner's detention, he "is therefore entitled to a bond hearing").  Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond

---

WL 2196424, at *26 (9th Cir. July 30, 2026); *Cirrus Rojas v. Olson*, No. 25-3127, --- F.4th ----, 2026 WL 2198315, at *2 (7th Cir. July 30, 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).   In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position.  *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). Respondents have filed a petition for a writ of certiorari to the Supreme Court.  *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026); Cert. Pet., *Cunha v. Freden*, No. 26-104 (filed July 23, 2026).

hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if

he does not have a lawful bond hearing within that period.[5]

### B.   The Court should decline to address Petitioner's remaining claims.

Petitioner also argues that his detention violates his right to due process,[6] the APA,[7]

and the Fourth Amendment.[8]   Pet. at 17-32, 35-45.   If the Court grants Petitioner habeas

---

[5] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

[6] To the extent Petitioner alleges Respondents violated 8 C.F.R. § 241.4, that regulation governs detention of noncitizens subject to a final order of removal and beyond the removal period. *See Kumar v. Mullin*, 2026 WL 1139601, at *2 (D. Colo. Apr. 24, 2026) ("The release and revocation of release of noncitizens subject to a final order of removal are governed by 8 C.F.R. §§ 241.4 and 241.13." (citation modified)).   Petitioner, though, has pending immigration proceedings.

[7] To the extent Petitioner argues his continued detention violates the APA because his claims for relief "necessarily imply the invalidity of [his] confinement," such claims "fall within the core of the writ of habeas corpus and thus must be brought in habeas," *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citation modified).   *See also id.* at 674 ("Given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (citation modified) (Kavanaugh, J. concurring); *Soberanes*, 388 F.3d at 1310 ("Challenges to immigration detention are properly brought directly through habeas.") (citing *Zadvydas*, 533 U.S. at 687).

[8] "Habeas has traditionally been a means to secure *release* from unlawful detention," *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 107 (2020), while "the suppression of evidence is the typical remedy" "[f]or a Fourth Amendment violation," *Kanda v. Cole*, No.

relief with a bond hearing under § 1226(a), the undersigned recommends that the Court decline to decide the merits of the due process, APA, and Fourth Amendment claims based on his continued detention. *See, e.g.*, *Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").

Further, to the extent Petitioner claims his arrest was improper without probable cause or a warrant, Respondents included the warrant for his arrest pursuant to § 1226(a) dated May 17, 2026—two days before Petitioner alleges he was arrested and re-detained by Respondents. Doc. 11-1. While Petitioner argues "[n]othing on the record suggests that Respondents issued ICE detainer to retain custody of Petitioner following his release from state custody," Reply at 2, Petitioner has not demonstrated any deficiency with the warrant provided by Respondents and dated before ICE took custody of him. Further, Petitioner has provided no legal authority to support his allegations that the warrant is "facially defective and legally void" based on statements in ICE's Encounter Summary or the date of his arrest. *Id*. at 4.

## V.    Recommendation and Notice of Right to Object

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to provide Petitioner with a

---

26-CV-158, --- F. Supp. 3d ---, 2026 WL 1014400, at *4 (S.D. Tex. Apr. 10, 2026); *see also I.N.S. v. Lopez-Mendoza*, 468 U.S. 1032, 1039 (1984) (noting "the 'body' or identity of a [noncitizen] in a . . . civil proceeding is never itself suppressible as a fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred").

bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636.  Any objection must be filed not later than **August 7, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  If a party wishes to respond to the other party's objections, such response must be filed not later than **August 12, 2026**.  *See* Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 31st day of July, 2026.

_____

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE